Case: 20-1026, Document: 59-1, Filed: 12/02/2020, Page 1 of 17
Entered on Docket
December 02, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



FILED

DEC 2 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>SALMA MERRITT,<br>            Debtor. | BAP No. NC-20-1026-TFB<br><br>Bk. No. 19-51293 |
| SALMA MERRITT; DAVID MERRITT,<br>            Appellants,<br>v.<br>DEVIN DERHAM-BURK, Chapter 13 Trustee; SPECIALIZED LOAN SERVICING LLC; U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Cerificateholders of Bear Stearns Arm Trust, Mortgage Pass-Through Certificates, Series 2006-2,<br>            Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Stephen L. Johnson, Bankruptcy Judge, Presiding

Before: TAYLOR, FARIS, and BRAND, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

# INTRODUCTION

In her second chapter 13[1] case, debtor Salma Merritt failed to appropriately prosecute her case. The bankruptcy court dismissed it over her objection. And as this second bankruptcy case followed over a decade of other legal proceedings all seeking to avoid foreclosure on her home, the bankruptcy court also granted in rem relief from the automatic stay over her opposition. The record well supports these determinations and we AFFIRM.

Ms. Merritt's non-filing spouse also appealed. His standing to do so is questionable as to the case dismissal. But even if he has standing, his appeal is meritless. He did not oppose either in rem relief or case dismissal before the bankruptcy court; all his arguments are waived.

# FACTS[2]

In 2006, the Merritts borrowed $591,200 (the "Loan") and secured their indebtedness by a deed of trust on their Sunnyvale, California home (the "Property"). U.S. Bank National Association, as Trustee for the Cerificateholders of Bear Stearns Arm Trust, Mortgage Pass-Through

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case, the related adversary proceeding, Ms. Merritt's prior bankruptcy case, and the district court cases and Ninth Circuit appeals referenced herein. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

Certificates, Series 2006-2 ("US Bank") claims a beneficial interest in this trust deed through a 2011 assignment; Specialized Loan Servicing LLC ("SLS") services the loan on US Bank's behalf.

Despite receiving a loan modification in 2009 (the "Modification"), the Merritts have not made a payment on the Loan since 2008; the arrearage exceeds $500,000. They avoided a resulting foreclosure through more than a decade of litigation against US Bank and its predecessors in interest. While the Merritts may have enjoyed interim victories on isolated points during the course of these cases, as the brief outline below establishes, they ultimately lost all litigation on all material issues:

• *Merritt I*: In 2009, the Merritts sued the original lender and others in the District Court for the Northern District of California ("District Court"). They alleged that the defendants defrauded them at loan origination and improperly refused their rescission request. In 2016, the District Court dismissed *Merritt I* with prejudice. The Ninth Circuit later affirmed, finding that the dismissal was appropriate given the claim preclusive effect of the judgment in *Merritt II* (discussed below) and other factors.

• *Merritt II*: Also in 2009, the Merritts sued the original lender and others in the Santa Clara Superior Court ("Superior Court"); they repeated the *Merritt I* allegations. In 2014, after contentious litigation that included fourteen interim appeals, the Superior Court granted the defendants' motions for judgment on the pleadings. The Court of Appeal

3

affirmed this decision in 2019.

● *Vexatious litigant determinations*: In 2013, the Superior Court deemed the Merritts vexatious litigants in other litigation. At oral argument, the Merritts confirmed that, shortly before oral argument, they were deemed vexatious litigants in *Merritt IV* (discussed below).

● *Merritt III*: In 2017, the Merritts sued SLS, US Bank, and others in the District Court, re-asserting the fraud allegations at issue in *Merritt I* and *Merritt II*. During the course of *Merritt III*, the Merritts sought to enjoin foreclosure on the Property; the District Court denied this motion. They appealed the denial to the Ninth Circuit and also sought injunctive relief from the Circuit. The Ninth Circuit denied the motion and dismissed the appeal because the order challenged was not final. In August 2018, the Merritts dismissed *Merritt III* "without prejudice."

● *The first bankruptcy case*: Immediately after the Ninth Circuit denied the Merritts' motion for injunctive relief in *Merritt III*, Ms. Merritt filed a chapter 13 petition. The bankruptcy court dismissed the case due to numerous case prosecution and plan payment failures.

● *Merritt IV*: During Ms. Merritt's first bankruptcy, the Merritts filed a Superior Court complaint against SLS, US Bank, and others. On at least seven separate occasions, they sought temporary restraining orders barring foreclosure against the Property; all were either denied or withdrawn. The Merritts appealed the denials and also sought a Court of

Appeal writ of supersedeas staying foreclosure. The Court of Appeal denied this request.

- *The current bankruptcy case*: The next day, Ms. Merritt filed her second chapter 13 case. Mr. Merritt later filed an adversary proceeding that challenged US Bank's right to foreclosure.

Ms. Merritt sought to extend the automatic stay, which was subject to termination after 30 days under § 362(c)(3)(A); the bankruptcy court denied the motion. She then sought a referral to the bankruptcy court's Mortgage Modification Mediation Program ("MMM Program") to obtain a stay to the extent necessary to facilitate the MMM Program. The bankruptcy court denied this motion as well.

Thereafter, SLS and US Bank, pointing to the prior bankruptcy and the litigation history outlined above, sought in rem relief from the automatic stay under § 362(d)(4). Ms. Merritt, represented by counsel, filed an untimely opposition to the stay relief motion and argued that the bankruptcy court could not consider the extensive litigation history in determining whether the requisite scheme under § 362(d)(4) existed. Rather, she asserted, the bankruptcy court could only rely on the two bankruptcy cases. She posited that this limited review did not indicate such a scheme. After a hearing, the bankruptcy court took the matter under submission.

Concurrent with the automatic stay battles, Ms. Merritt did little to

advance her chapter 13 case. She filed her bankruptcy schedules and chapter 13 plan only after the bankruptcy court issued an order providing for an automatic dismissal if she did not do so. And the plan she filed nearly a month into the case elicited from the chapter 13 trustee ("Trustee"): (1) a motion to dismiss based on her failure to make a plan payment; and (2) an objection to confirmation that raised fourteen significant plan or case prosecution problems. Ms. Merritt then belatedly made her first two plan payments but failed to address any of the Trustee's plan objections. The Trustee then withdrew her dismissal motion but filed another objection to confirmation identifying two more compliance deficits.

Ms. Merritt responded with an inadequate first amended plan; it resolved only two of the Trustee's sixteen objections and created new problems. The Trustee again objected to confirmation.

A month went by with no activity. Now four months into the case, the Trustee filed a motion to dismiss asserting that Ms. Merritt's failures to resolve impediments to plan confirmation and to adequately prosecute the case were prejudicial to creditors and constituted cause for dismissal under § 1307(c)(1).

Ms. Merritt then filed second and third amended plans; neither was confirmable. Thus, the Trustee filed a third amended objection to confirmation.

Now over six months into the case, Ms. Merritt filed a fourth

amended, but still unconfirmable, plan. The Trustee again objected, noting that the plan left four of her objections unresolved and raised four new objections.[3]

While SLS and US Bank's stay relief motion was under submission, the bankruptcy court held a hearing on the pending dismissal motion. It then took the matter under submission.

On January 23, 2020, the bankruptcy court entered an order granting SLS and US Bank's stay relief motion and the Trustee's dismissal motion. On January 27, 2020, the bankruptcy court issued a second order again granting the stay relief motion.

Ms. Merritt timely appealed the orders.[4] Her husband also appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We have jurisdiction under 28 U.S.C. § 158.[5]

## ISSUES

Did the bankruptcy court abuse its discretion in granting

---

[3] Three of the objections trailed from her original objection to confirmation.

[4] The Merritts assert they are also appealing from the order denying their motion for referral to the MMM Program. But that appeal was not timely. We do not consider it further. *Ramsey v. Ramsey (In re Ramsey)*, 612 F.2d 1220, 1222 (9th Cir. 1980).

[5] We note that, while we are affirming the dismissal order, the appeal regarding § 362(d)(4) relief is not moot because we have the power to grant effective relief notwithstanding the dismissal. *See Jimenez v. ARCPE 1, LLP (In re Jimenez)*, 613 B.R. 537, 544 (9th Cir. BAP 2020).

§ 362(d)(4) relief?

Did the bankruptcy court abuse its discretion in dismissing the bankruptcy case?

## STANDARD OF REVIEW

A bankruptcy court's orders dismissing a chapter 13 case and granting relief from the automatic stay are reviewed for an abuse of discretion. *In re Jimenez*, 613 B.R. at 543. To determine if the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested;" and (2) if it did, we consider whether its application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc).

## DISCUSSION

**A. Mr. Merritt's Appeal**

Ms. Merritt and her non-filing spouse, David Merritt, both appealed the orders pro se. Mr. Merritt's standing to do so, particularly in connection with the case dismissal order, is questionable. *See Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983) ("Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order."). But even if

8

he has standing, his appeal is meritless because he failed to oppose either in rem relief or case dismissal before the bankruptcy court; all his arguments on appeal are waived. *Mano-Y & M, Ltd. v. Field (In re Mortg. Store, Inc.)*, 773 F.3d 990, 998 (9th Cir. 2014).

After being advised that Mr. Merritt intended to argue on the Merritts' behalf, the Panel issued an order instructing him to address whether he is permitted to argue on behalf of Ms. Merritt as a nonattorney and whether he had standing on appeal. And at the start of oral argument, the Panel directed Mr. Merritt to argue solely on his own behalf. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities."). Nevertheless, he did most of the appellants' argument before ceding time to Ms. Merritt.

Because Mr. Merritt waived any arguments on appeal, we summarily affirm the orders as to him. We now consider Ms. Merritt's appeal.

## B. The Stay Relief

Section 362(d)(4) provides in pertinent part that, on the request of a creditor whose claim is secured by an interest in real property, the

bankruptcy court shall grant stay relief with respect to acts against that real property where it finds the petition was filed as part of a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting that real property. A § 362(d)(4) stay relief order is binding in all other bankruptcy cases filed within two years of the order's entry if properly recorded. *Alakozai v. Citizens Equity First Credit Union (In re Alakozai)*, 499 B.R. 698, 703 (9th Cir. BAP 2013).

Ms. Merritt contends that the bankruptcy court erred in granting in rem relief to SLS and US Bank because: (1) it improperly considered US Bank to be a secured creditor; (2) it considered evidence of the Merritts' decade-long litigation history with US Bank and its predecessors in interest; (3) it considered allegedly false information related to the litigation history; and (4) it allegedly failed to consider that Ms. Merritt's attorney had passed away during her first bankruptcy case. We address and reject these arguments in turn.

**1. The bankruptcy court did not err in determining that SLS and US Bank had standing to prosecute the stay relief motion.**

Because Ms. Merritt is pro se,[6] we liberally construe her brief. *See Cruz v. Stein Strauss Tr. # 1361 (In re Cruz)*, 516 B.R. 594, 604 (9th Cir. BAP 2014). She asserts that US Bank does not hold a valid secured claim. We

---

[6] While unrepresented on appeal, Ms. Merritt had counsel at all relevant times before the bankruptcy court.

10

interpret her contention as a challenge to US Bank's standing as a real party in interest entitled to seek relief from the automatic stay. *In re Jimenez*, 613 B.R. at 545.

A movant is a "party in interest" entitled to seek stay relief if "it has a colorable claim to enforce a right against property of the estate." *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 914-15 (9th Cir. BAP 2011). "Under California law, a trustee, mortgagee, beneficiary, or any of their agents or successors in interest can initiate nonjudicial foreclosure proceedings." *In re Jimenez*, 613 B.R. at 545 (citing *Debrunner v. Deutsche Bank Nat'l Tr. Co.*, 204 Cal. App. 4th 433, 440-42 (2012); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010)).

US Bank evidenced its right to enforce the deed of trust on the Property through copies of the original deed of trust and an assignment granting it a beneficial interest in the deed of trust. These documents sufficiently establish its standing for purposes of a stay relief motion.

On appeal, Ms. Merritt disputes US Bank's standing based on an alleged rescission of the Loan or, alternatively, on the assertion that its predecessor in interest lost its foreclosure rights because its cross-complaint in *Merritt II,* seeking a declaration that the Modification was enforceable, constituted an action under California's "one-action rule." Cal. Code of Civ. Proc. § 726. But Ms. Merritt waived these arguments by failing to raise them in opposition to the stay relief motion. *In re Mortg. Store, Inc.*, 773 F.3d

11

at 998. And, even if not waived, these arguments would be unavailing in a summary stay relief context. *See In re Veal*, 450 B.R. at 914. The bankruptcy court would have correctly declined to decide their merits.[7]

### 2. The bankruptcy court properly considered the litigation history.

As a party with standing, US Bank was entitled to stay relief under § 362(d)(4) if it established that Ms. Merritt's bankruptcy filing was part of a scheme to delay, hinder, or defraud it that involved multiple bankruptcies affecting the Property. Courts have interpreted "scheme" in § 362(d)(4) to mean "an intentional artful plot or plan." *In re Jimenez*, 613 B.R. at 545. Ms. Merritt claims that in determining whether the requisite scheme exists, the bankruptcy court erred by considering evidence of the Merritts' extensive and unsuccessful litigation related to the Property. We disagree. By its plain language, the statute requires that the scheme "involve[]" multiple bankruptcies; it does not require that the scheme exclusively "consist of" multiple bankruptcies.

And in this case, the Merritts' conduct before, after, and during Ms. Merritt's two bankruptcies demonstrates that the bankruptcies were

---

[7] Ms. Merritt, thus, is free to raise the issues in her nonbankruptcy litigation to the extent appropriate, but we see no chance of success. The rescission arguments arise from a decade-old loan, and final judgments bar Ms. Merritt from asserting these claims. As to the one-action rule argument, Cal. Code of Civ. Proc. § 726 is inapplicable to the declaratory relief cross-complaint because it did not seek a personal money judgment on the note; it sought only a judicial determination that the 2009 Modification was enforceable. *See Schubert v. Bank of N.Y. Mellon*, 766 F. App'x 543, 546 (9th Cir. 2019); *Walker v. Cmty. Bank*, 10 Cal. 3d 729, 732-34 (1974).

part of such a scheme. The Merritts' multiple complaints allege substantially identical claims, the complaints and a multitude of related motions seek to absolve the Merritts from payment of the Loan and to avoid foreclosure, and all complaints and motions were ultimately unsuccessful in halting, as opposed to delaying, foreclosure. Thus, the record unambiguously supports the bankruptcy court's determination that "[t]he unity of purpose across these cases shows an 'intentional artful plot or plan' to delay, or avoid entirely, secured creditors exercising their rights against the Property or [Ms. Merritt]." And once Ms. Merritt filed the second bankruptcy case, this scheme involved multiple bankruptcies affecting the Property.[8] The record therefore thoroughly supports the bankruptcy court's finding that Ms. Merritt's bankruptcies were part of the Merritts' larger strategy to stave off foreclosure against their home.

**3. The record does not support that the bankruptcy court relied on false information related to the litigation history.**

Ms. Merritt claims that the bankruptcy court relied on "falsified" evidence related to the litigation history in granting stay relief. She supports this argument with an extensive factual narrative of her view of

---

[8] "Multiple" is defined as "consisting of, including, or involving more than one" and was used by the bankruptcy court accordingly. *See* Merriam-Webster Online Dictionary, Multiple, http://www.merriamwebster.com/dictionary/multiple (last visited Nov. 10, 2020); *In re Fung*, No. CV 15-6245-DMG, 2016 WL 4267944, at *4-5 (C.D. Cal. Aug. 10, 2016) (holding bankruptcy court did not err in finding a § 362(d)(4)(B) scheme involving two bankruptcies).

13

the litigation history. But this argument is waived. Ms. Merritt neither presented her counter-narrative in opposing the stay relief motion, nor did she argue before the bankruptcy court that SLS and US Bank were misrepresenting the record. *In re Mortg. Store, Inc.*, 773 F.3d at 998; *Graves v. Myrvang (In re Myrvang)*, 232 F.3d 1116, 1119 n.1 (9th Cir. 2000).

In any event, the record does not support her claims of misrepresentation. Specifically, she claims that SLS and US Bank misled the bankruptcy court by neglecting to advise that the Merritts were successful in some aspects of their lawsuits. But each minor interim success she identifies was followed by a dispositive loss on the merits. Thus, the record does not support that the bankruptcy court relied on "falsified" or materially incomplete evidence.

**4. The bankruptcy court gave due consideration to the death of attorney Sagaria during Ms. Merritt's first bankruptcy case.**

Nor has Ms. Merritt shown that the bankruptcy court failed to appropriately consider the death of her attorney, Scott Sagaria, during her first bankruptcy. Ms. Merritt argues that her first bankruptcy was not properly prosecuted because Mr. Sagaria suddenly died. She claims that she discovered his death after the Trustee filed objections to the confirmation of her plan and a dismissal motion. She posits that had his death been appropriately considered, the bankruptcy court would not have determined the bankruptcy was part of a scheme to delay, hinder or

defraud creditors. We disagree.

First, the bankruptcy court presumably considered Mr. Sagaria's death because it stated during the stay relief hearing that it had "read with interest" Ms. Merritt's papers. This statement supports that the bankruptcy court considered all of her arguments. Nothing in the record suggests to the contrary.

Further, the facts and circumstances of the first bankruptcy case in the record support that it served as a delay tactic rather than a legitimate attempt to reorganize and that Mr. Sagaria's death had nothing to do with Ms. Merritt's failure to reorganize. First, Ms. Merritt filed the first bankruptcy immediately after the Ninth Circuit denied the Merritts' motion for injunctive relief. Second, none of Ms. Merritt's filings in the bankruptcy were signed by Mr. Sagaria before his death; all such filings were signed and ECF-filed by other attorneys of Mr. Sagaria's law firm. And third, even after Ms. Merritt discovered Mr. Sagaria's death, she failed to prosecute her case in the month preceding its dismissal.

For all the foregoing reasons, the bankruptcy court did not abuse its discretion in granting SLS and US Bank in rem stay relief.

## C. The Dismissal

The bankruptcy court may either dismiss a chapter 13 case or convert

it to chapter 7 for cause. § 1307(c).[9]

"Cause" includes "unreasonable delay by the debtor that is prejudicial to creditors." § 1307(c)(1). In that regard, "[a] debtor's unjustified failure to expeditiously accomplish any task required either to propose or to confirm a chapter 13 plan may constitute [the required causation] under § 1307(c)(1)." *Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)*, 455 B.R. 904, 915 (9th Cir. BAP 2011). The bankruptcy court found cause existed due to both unreasonable delay that is prejudicial to creditors and bad faith.[10] We see no abuse of discretion in its finding that dismissal was appropriate.

Regarding unreasonable delay, the bankruptcy court found that Ms. Merritt had made no serious attempt to correct many of the issues identified by the Trustee, including her failures to: (1) notify a secured creditor of the bankruptcy; (2) pledge all projected disposable income to paying unsecured creditors; and (3) include all pending lawsuits in her

---

[9] Typically, § 1307(c) relief requires a two-step inquiry. *Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 675 (9th Cir. BAP 2006). Once cause is found, the bankruptcy court must decide between conversion and dismissal based on the best interests of the creditors and the estate. *Id.* Here, the bankruptcy court did not weigh the alternatives of dismissal and conversion, but any error was harmless because the record overwhelmingly shows that dismissal was in the best interests of creditors and the estate.

[10] At oral argument, the Trustee relied exclusively on unreasonable delay as a basis for dismissal. Because the record supports that this was an adequate basis for dismissal, we too decline to further discuss bad faith except to note that we see no error in this regard.

schedules. It also found that her plan was internally inconsistent in the critical area of payment on the Loan. As Ms. Merritt had not addressed all confirmation objections seven months into the case but instead had repeatedly filed unconfirmable amended plans, the record supports the bankruptcy court's logical conclusion that Ms. Merritt unreasonably delayed the case to the prejudice of her creditors.

Based on the foregoing, the bankruptcy court did not abuse its discretion in finding cause existed to dismiss the chapter 13 case.

## CONCLUSION

Based on the foregoing, we AFFIRM.