Entered on Docket
August 21, 2023
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

JUL 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SALMA MERRITT,<br><br>Debtor,<br><br>-------------------------------<br><br>SALMA MERRITT; DAVID MERRITT,<br><br>Appellants,<br><br>v.<br><br>DEVIN DERHAM-BURK, Chapter 13 Trustee; SPECIALIZED LOAN SERVICING, LLC; U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Certificateholders of Bear Stearns Arm Trust, Mortgage Pass-Through Certificates, Series 2006-2,<br><br>Appellees. | No. 21-60000<br><br>BAP No. 20-1026<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Faris, and Brand, Bankruptcy Judges, Presiding

Submitted July 26, 2023**

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Salma Merritt and David Merritt (Appellants) appeal the Bankruptcy Appellate Panel's (BAP) affirmance of the Bankruptcy Court's order granting: (1) the trustee's motion to dismiss the bankruptcy case, and (2) Specialized Loan Service, LLC and U.S. Bank National Association's (Creditors) motion for in rem relief from the automatic stay. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review the BAP's decision de novo, *In re Hutchinson*, 15 F.4th 1229, 1232 (9th Cir. 2021), evaluating the underlying Bankruptcy Court order for abuse of discretion. *In re Jimenez*, 613 B.R. 537, 543 (9th Cir. BAP 2020). We affirm.

Appellants contend that the Bankruptcy Court erred by considering Ms. Merritt's prior non-bankruptcy litigation when determining whether a scheme to "delay, hinder, or defraud creditors" under 11 U.S.C. § 362(d)(4) exists. The statute requires that the scheme "involve[] . . . multiple bankruptcy filings," not that the scheme solely consist of multiple bankruptcy filings. *Id.* Thus, the Bankruptcy Court properly considered Ms. Merritt's non-bankruptcy litigation history.

Appellants assert that the Bankruptcy Court based its decision on "falsified information" and "misrepresented common law and federal actions." Appellants, however, offered no support for these assertions beyond their own factual narrative, which lacks evidentiary support. In any case, Appellants have waived

2

these issues because they failed to raise them in the Bankruptcy Court. *In re Mortg. Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014).

Appellants argue that the Bankruptcy Court failed to properly consider the death of Ms. Merritt's attorney during her first bankruptcy case. According to Appellants, the Bankruptcy Court penalized Ms. Merritt for her attorney's death by granting the in rem relief and motion to dismiss. But the record supports the finding that the Bankruptcy Court considered her attorney's death. And the part of the record demonstrating Ms. Merritt's scheme to delay—the basis of the in rem relief—has little do with her attorney's death.

Appellants also appeal the Bankruptcy Court's grant of Creditors' motion to reconsider the order directing Creditors and Appellants to participate in the mortgage mediation modification program. But Appellants did not support their challenge with any argument, and thus effectively abandoned the issue. *Crime Just. & Am., Inc. v. Honea*, 876 F.3d 966, 978 (9th Cir. 2017) (issues not supported by argument deemed abandoned).[1]

**AFFIRMED.**

---

[1] While Appellants assert various other arguments in their opening brief, those arguments lack evidentiary support and explanations as to their applicability to this case, and we deem them abandoned. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) (argument "not coherently developed" in briefs deemed abandoned).

3